UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN E. CORN, JR.,

    Petitioner,

vs.                                            Case No.:    3:15-cv-1408-J-32JRK
                                                                3:13-cr-100-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner John E. Corn, Jr.'s "Objection to Magistrate's Order Denying Motion to Amend." (Doc. 12). On or about January 29, 2017 – more than a year after he filed his original § 2255 motion – Petitioner moved to amend the § 2255 motion to add two claims: (1) that the Court abused its discretion when it imposed an upward variance at sentencing, and (2) that counsel was ineffective for failing to object to, or raise on direct appeal, the alleged error. (Doc. 10, Motion to Amend). The Honorable James R. Klindt, United States Magistrate Judge, denied the motion because the proposed claims were untimely under 28 U.S.C. § 2255(f), and because the proposed claims did not relate back to any of the claims raised in the original § 2255 motion under Fed. R. Civ. P. 15(c). (Doc. 11, Order Denying Motion to Amend). Petitioner now objects to the Magistrate Judge's Order.

1

Because the Magistrate Judge's Order denying the motion to amend is a non-dispositive order[1], to prevail on his objections, Petitioner must establish that the conclusions to which he objects are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-55, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider… objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Fed. R. Civ. P. 72(a)).[3] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[1] A motion to amend is a non-dispositive order, which a magistrate judge has authority to rule on. Reeves v. DSI Sec. Services, Inc., 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint.") (citing 28 U.S.C. § 636(b)(1)(A)).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] "Although an unpublished opinion is not binding…, it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).

After thorough review of the Magistrate Judge's Order denying the Motion to Amend, the Court does not find that the Order was clearly erroneous or contrary to law. The Magistrate Judge correctly identified the relevant law and applied the law to Petitioner's Motion to Amend. There is no indication that the Magistrate Judge committed a mistake or that he "'fail[ed] to apply or misapplie[d] relevant statutes, case law, or rules of procedure.'" Botta, 475 F. Supp. 2d at 185. Accordingly, it is hereby

**ORDERED:**

Petitioner's "Objection to Magistrate's Order Denying Motion to Amend" (Doc.

3

12) is **OVERRULED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of July, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner